UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL MARTINEZ GONZALEZ,<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX,<br>Respondent. | No. 1:26-cv-06583-DAD-AC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On August 18, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for a temporary restraining order ("TRO"). (Doc. No. 2). On August 19, 2026, the court ordered respondent to file a response to petitioner's TRO motion and directed respondent to indicate whether it opposed this court from also ruling on the underlying habeas petition based upon the briefing presently before it. (Doc. No. 4.) Respondent filed a response on August 20, 2026, explaining that 8 U.S.C. § 1231(a) governed petitioner's current detention. Respondent did not state any objection to this court ruling on petitioner's habeas petition at this time.

Based on the parties' submissions, the court finds as follows. Petitioner is a native and citizen of Cuba. (Doc. No. 1 at 2.) Petitioner entered this country and was subsequently ordered removed after his arrival in 2006 by an immigration judge ("IJ") but was permitted to remain in

this country. (Doc. No. 6-1 at 2.) Immigration officials then re-detained petitioner in March 2026, and he remains in immigration detention to this day. (Doc. No. 1 at 2.) According to respondent, petitioner was afforded an informal interview on March 10, 2026, prior to his current immigration detention. (Doc. No. 6-6 at 5.) Respondent also indicates that immigration authorities intend to remove petitioner not to his native country of Cuba, but to a third country, specifically Mexico. (Doc. Nos. 6-3; 6-4.)

Respondent asserts petitioner's current detention is lawful because the six-month post-order removal immigration detention benchmark announced in *Zadvydas v. Davis*, 533 U.S. 678 (2001), as a presumptively reasonable period of detention has not yet been crossed. It is true that the Supreme Court has held that a six-month period of detention of noncitizens subject to a removal order is presumptively reasonable. *See Zadvydas*, 533 U.S. at 701. "After this 6–month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* However, "'[t]he burden-shifting framework from *Zadvydas* does not apply[ ] where the petitioner has already been 'issued a final order of removal, detained, and subsequently released on an' [order of supervision]." *Espada v. Doe*, No. 5:25-cv-02983-JWH-KES, 2026 WL 181539, at *5 (C.D. Cal. Jan. 20, 2026) (citation omitted), *report and recommendation adopted*, 2026 WL 192150 (C.D. Cal. Jan. 23, 2026); *see also Fataliyeva v. Santacruz*, No. 5:26-cv-00506-DTB, 2026 WL 1206010, at *4 (C.D. Cal. Apr. 28, 2026) ("This means that noncitizens subject to revocation of their order of supervision have already met their burden to show 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'") (citation omitted).

Given the two decades of release the government granted petitioner between when the IJ ordered his removal in 2006, until his recent re-detention in March 2026, the court concludes that there is not a significant likelihood that petitioner will be removed in the reasonably foreseeable future. *See Gutnik v. Bondi*, No. 5:26-cv-00908-WLH-ACCV, 2026 WL 700546, at *2 n.1 (C.D. Cal. Mar. 5, 2026) ("Because Petitioner was released over 17 years ago, the government likely determined that there was no significant likelihood that Petitioner would be removed in the

reasonable future[.]") Indeed, no evidence has been presented that petitioner was ever *ordered* removed to Mexico, nor has respondent provided any travel documents associated with petitioner regarding his removal to Mexico. Accordingly, the court incorporates and adopts its reasoning set forth in *Obando Vargas v. Blanche*, No. 1:26-cv-05343-DAD-AC (HC), 2026 WL 2056618 (E.D. Cal. July 16, 2026) and *Medina v. Warden, Cal. City Immigration Processing Ctr.*, No. 1:26-cv-04746-DAD-JDP (HC), 2026 WL 1864685, at *1 (E.D. Cal. June 29, 2026) ("Respondent does not provide any evidence that removal of petitioner to Cuba is now foreseeable, instead arguing only that petitioner can be removed to Mexico as a third country.") and concludes that respondent has not demonstrated changed circumstances regarding the likelihood of petitioner's removal in the reasonably foreseeable future. The court also finds that ordering petitioner's release from his current immigration detention is the appropriate remedy.

For the reasons explained above:

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondent is ORDERED to immediately release petitioner Raul Martinez Gonzalez, A-File No. 099-540-884, from respondent's custody on the conditions, if any, he was subject to prior to his re-detention on or about March 11, 2026;

    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting him habeas relief;

/////

/////

/////

/////

/////

3. The Clerk of the Court is directed to serve a copy of this order on the warden of the Central Valley Annex; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **August 26, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE